UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD KELLY HARRISON, II,

    Plaintiff,

v.                                                    Case No. 3:22cv630-LC-HTC

OKALOOSA COUNTY BOARD OF COMMISSIONERS,
 CHIEF EDMOND, and
 CAPTAIN MCDANIELS,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff, a pre-trial detainee proceeding *in forma pauperis*, initiated this action by filing a *pro se* civil rights complaint purporting to assert claims under 42 U.S.C. § 1983.  ECF Doc. 1.  The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  Upon consideration, the undersigned respectfully recommends this case be DISMISSED without prejudice as malicious for abuse of the judicial process for Plaintiff's failure to provide truthful responses on the complaint form.

I.  **STANDARD OF REVIEW**

Because Plaintiff is (1) a prisoner seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

II. **FAILURE TO DISCLOSE**

On January 10, 2022, Plaintiff initiated this action by filing a civil rights complaint on a complaint form for prisoners. ECF Doc. 1. Although not on this Court's official form, Plaintiff's complaint contains similar sections as those in the

Court's form, including a previous litigation section. Also, this is not Plaintiff's first lawsuit in this Court. Thus, as a former litigant, Plaintiff is aware that complete disclosure of his litigation history is required. Indeed, page 5 of the complaint form expressly warns Plaintiff that "failure to disclose all prior civil cases may result in the dismissal of this case." ECF Doc. 1 at 5. As discussed below, Plaintiff nonetheless failed to disclose four (4) federal actions he previously filed.

In Plaintiff's complaint form, Plaintiff was specifically asked whether he had "initiated other actions . . . in either state or federal court that relate to the fact or manner of [his] incarceration . . . or the condition of [his] confinement." *Id.* at 6. Plaintiff checked "NO" and wrote "N/A" over the entire section. Despite signing the complaint "under penalty of perjury, *id.* at 8, Plaintiff's response to the above question was not truthful.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned takes judicial notice of the following four (4) federal actions Plaintiff filed but failed to disclose.

> *Harrison v. Okaloosa County Department of Corrections*, 3:15cv464 (Northern District of Florida) (§ 1983 conditions of confinement claim dismissed for failure to prosecute)
>
> *Fuller et al., v. Okaloosa County Board of Commissioners, et al.*,[1] 3:19cv1697 (Northern District of Florida) (§ 1983 conditions of confinement claim dismissed for failure to prosecute)
>
> *Harrison v. Desantez*, 3:20cv5807 (Northern District of Florida) (§ 1983 conditions of confinement claim, which Plaintiff voluntarily dismissed)
>
> *Harrison v. Mississippi Department of Corrections, et al.*, 3:18cv637 (Southern District of Mississippi) (§ 1983 conditions of confinement claim, Defendants' motion for summary judgment granted)

Each of the above cases bear Plaintiff's same name, Richard Kelly Harrison, II, and inmate number 00013295. Also, the signatures in each of those cases are identical to Plaintiff's signature in this case. There can be no doubt that these cases were filed by Plaintiff and should have been disclosed.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or

---

[1] When Plaintiff filed the complaint in this case, he requested a class action on behalf of fourteen (14) inmates. The request was denied, and the case proceeded with just Plaintiff.

Case No. 3:22cv630-LC-HTC

responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case). As one District Judge in this district has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." ECF Doc. 52, *Rodriguez v. Inch*, 4:19cv191-RH-HTC.

## III.   CONCLUSION

It is respectfully RECOMMENDED:

1.   This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2. Plaintiff's "Petition for Temporary Restraining Order" (ECF Doc. 5) be terminated.

3. The clerk be directed to close the file on this matter.

Done in Pensacola, Florida this 23rd day of February, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.